IN THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY

| | | |
|---|---|---|
| GERALDINE RAWLINSON,<br>7401 Hancock Avenue<br>Apt. 101<br>Takoma Park, MD  20901, | * | |
| | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| v. | * | Civil Action No. |
| | * | |
| THE LAW OFFICE OF WILLIAM<br>M. RUDOW, LLC<br>5603 Newbury Street<br>Baltimore, MD  21209, | * | *CAL10-05792* |
| | * | |
| Serve: | * | |
| | * | |
| William M. Rudow<br>Registered Agent<br>The Law Office of William M. Rudow, LLC<br>5603 Newbury Street<br>Baltimore, MD  21209 | * | |
| | * | |
| | * | |
| | * | |
| Defendant. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*\*

COMPLAINT

Plaintiff Geraldine Rawlinson ("Rawlinson"), by her undersigned counsel, brings this

action against Defendant The Law Office of William M. Rudow, LLC, and for her complaint in

this action states as follows:

1.      This Court has jurisdiction of the federal claims alleged herein under 15 U.S.C. §

1692k as a court of competent jurisdiction within the meaning of that section.

2.      Plaintiff Rawlinson (an individual) resides at 7401 Hancock Avenue, Apt. 101 in

Takoma Park, Maryland as she did at the time of the events alleged herein.

3.      Defendant is a limited liability company doing business at 5603 Newbury Street, in Baltimore, Maryland.

4.      Defendant regularly collects or attempts to collect debts owed or due or asserted to be owed or due another by consumers to pay money arising out of transactions in which the money, property, insurance, or services which are the subject of the transactions are primarily for personal, family, or household purposes.

5.      Defendant regularly uses the mails and other instrumentalities of interstate commerce in its collection of or attempts to collect debts owed or due or asserted to be owed or due another by consumers.

6.      On or about January 5, 2009, Defendant named Rawlinson as a defendant in the second amended complaint filed in Civil Case No. 0502-0019579-2006 ("Case 19579") in the District Court of Maryland for Prince George's County ("P.G. District Court") in an effort to collect from her an alleged obligation arising out of a transaction in which WFS Financial, Inc. ("WFS") loaned money to purchase an automobile for personal use and retained a security interest in that vehicle.

7.      In Case 19579, Defendant sought a judgment against Plaintiff for return of the automobile because of any alleged default in payment of the alleged obligation and damages in the amount of $20,100.

8.      True and correct copies of some of the pages of the complaint from Case 19579 are attached hereto as Exhibit A.

9.      On or about March 2, 2009, Defendant (by its private process server Monument Process Servers, Inc., which was under the control and direction of Defendant) served Plaintiff with a summons together with the second amended complaint in Case 19579.

## COUNT I
### 15 U.S.C. § 1692e(2)

10.     Plaintiff incorporates herein by reference the allegations of the preceding paragraphs 1 through 9 as if the same were fully set forth herein.

11.     The complaint that Defendant served on Plaintiff on March 2, 2009 states that Moore (one of the Defendants in the action) "agreed, pursuant to the terms of the Contract, to pay the Plaintiff [WFS] attorney's fees in the amount of $3,897.77 as of December 29, 2008."

12.     In fact this statement was false inasmuch as the contract contained no provision for Moore to pay attorney's fees in the amount of $3,897.77 as of December 29, 2008.

## COUNT II
### 15 U.S.C. § 1692e

13.     Plaintiff incorporates herein by reference the allegations of the preceding paragraphs 1 through 12 as if the same were fully set forth herein.

14.     The complaint that Defendant served on Plaintiff on March 2, 2009 states that "Moore and Rawlinson have refused to return the vehicle to Plaintiff [WFS]."

15.     In fact, Plaintiff had never refused to return any vehicle to WFS.

## COUNT III
### 15 U.S.C. § 1692d

16.     Plaintiff incorporates herein by reference the allegations of the preceding paragraphs 1 through 15 as if the same were fully set forth herein.

17.    Defendant served Plaintiff with the second amended complaint in Case No.19579 and thereafter maintained that action against her even though it had no evidence that Plaintiff ever had the vehicle that Defendant sought to recover or had any liability to WFS.

18.    As a result of Defendant's service of the second amended complaint against Plaintiff, Plaintiff was required to retain the services of an attorney to defend her and to appear in court for a show cause hearing and the trial of that action.

19.    At the show cause hearing in Case 19579 on March 12, 2009, Anthony J. Kovacevich, Sr., Esq. ("Kovacevich"), an employee of Defendant and the attorney of record for WFS in Case 19579 initially sat in the courtroom and said nothing when the case was called by the court clerk.

20.    After a substantial delay, he then entered the well of the court and stated that he had not requested the issuance of a subpoena for Plaintiff to be present at the show cause hearing in the case even though the subpoena stated that it was issued at the request of Kovacevich.

21.    Even though Plaintiff was required to appear for the show cause hearing on March 12, 2009, Kovacevich presented no evidence at that time and was not prepared to go forward with the hearing at that time.

22.    At the trial of Case 19579 on April 16, 2009, the P.G. District Court dismissed the action as to Plaintiff because Defendant presented no evidence that that Plaintiff ever had the vehicle that Defendant sought to recover or had any liability to WFS.

23.    The natural consequence of the service of the complaint and summons in Case 19579 and then the maintenance of that action against Plaintiff without any evidence to support the claims against Plaintiff was to harass, oppress, and abuse her.

-4-

## COUNT IV
### 15 U.S.C. § 1692f

24.     Plaintiff incorporates herein by reference the allegations of the preceding paragraphs 1 through 22 as if the same were fully set forth herein.

25.     Defendant filed Case 19579 against Plaintiff without evidence to support the claims pled therein against Plaintiff not as a means obtaining relief against Plaintiff but as a method of coercing Aaron Lee Moore ("Moore") (a relative of Plaintiff) to return to Plaintiff a vehicle allegedly in the possession of Moore.

26.     The use of legal actions against a family member without any evidentiary basis - in essence using them as legal hostages - as a means of compelling conduct by a different family member is an unfair or unconscionable means to collect a debt.

27.     Defendant also sued Cynthia Rawlinson and Emma Rawlinson, other members of Moore's family as a means, of forcing action by Moore.

## COUNT V
### 15 U.S.C. § 1692g(a)(1)

28.     Plaintiff incorporates herein by reference the allegations of the preceding paragraphs 1 through 27 as if the same were fully set forth herein.

29.     On April 8, 2009, Defendant faxed and mailed to Plaintiff (through her counsel) a letter of the same date in its attempt to collect from Plaintiff the debt allegedly owed to WFS.

30.     A true and correct copy of the April 8, 2009 letter is attached hereto as Exhibit B.

31.     The April 8, 2009 letter was the initial communication of Defendant with Plaintiff as a consumer in connection with the collection of the debt that Defendant sought to collect from her.

32.     On April 10, 2009, Defendant faxed and mailed to Plaintiff's counsel a facsimile cover sheet cover, letter, and interrogatories directed to Plaintiff Geraldine Rawlinson.

33.     In the alternative to the allegations of paragraph 31, the documents that Defendant sent to Plaintiff on April 10, 2009 letter were the initial communication of Defendant with Plaintiff as a consumer in connection with the collection of the debt that Defendant sought to collect from her.

34.     True and correct copies of the documents that Defendant sent to Plaintiff are attached hereto as Exhibit C.

35.     Defendant failed to include in the document sent on April 8. 2009 or to send Plaintiff within five days after sending that document a written notice stating the amount of the debt.

36.     In the alternative to the allegations of the preceding paragraph, Defendant failed to include in the documents sent on April 10. 2009 or to send Plaintiff within five days after sending that document a written notice stating the amount of the debt.

## COUNT VI
### 15 U.S.C. § 1692g(a)(3)

37.     Plaintiff incorporates herein by reference the allegations of the preceding paragraphs 1 through 36 as if the same were fully set forth herein.

38.     Defendant failed to include in the document sent on April 8, 2009 or to send Plaintiff within five days after sending that document a written notice stating that Defendant would assume the debt to be valid unless she, within thirty days after receiving the notice, disputed the validity of the debt or any portion thereof.

-6-

39.     In the alternative to the allegations of the preceding paragraph, Defendant failed to include in the documents sent on April 10, 2009 or to send Plaintiff within five days after sending those documents a written notice stating that Defendant would assume the debt to be valid unless she, within thirty days after receiving the notice, disputed the validity of the debt or any portion thereof.

## COUNT VII
15 U.S.C. § 1692g(a)(4)

40.     Plaintiff incorporates herein by reference the allegations of the preceding paragraphs 1 through 39 as if the same were fully set forth herein.

41.     Defendant failed to include in the document sent on April 8, 2009 or to send Plaintiff within five days after sending that documents a written notice stating that if she, within thirty days after receipt of the notice, notified Defendant that the debt or any portion thereof was disputed, then Defendant would obtain verification of the debt and mail a copy of such verification to her.

42.     In the alternative to the allegations of the preceding paragraph, Defendant failed to include in the documents sent on April 10, 2009 or to send Plaintiff within five days after sending those  documents a written notice stating that if she, within thirty days after receipt of the notice, notified Defendant that the debt or any portion thereof was disputed, then Defendant would obtain verification of the debt and mail a copy of such verification to her.

## COUNT VIII
15 U.S.C. § 1692g(a)(5)

43.     Plaintiff incorporates herein by reference the allegations of the preceding paragraphs 1 through 42 as if the same were fully set forth herein.

-7-

44.     Defendant failed to include in the document sent on April 8, 2009 or to send Plaintiff within five days after sending that document a written notice stating that if she, within thirty days after receipt of the notice, requested in writing the name of the original creditor, Defendant would provide her with the name and address of the original creditor if different from the current creditor.

45.     In the alternative to the allegations of the preceding paragraph, Defendant failed to include in the documents sent on April 10, 2009 or to send Plaintiff within five days after sending those documents a written notice stating that if she, within thirty days after receipt of the notice, requested in writing the name of the original creditor, Defendant would provide her with the name and address of the original creditor if different from the current creditor.

COUNT IX
15 U.S.C. § 1692e(11)

46.     Plaintiff incorporates herein by reference the allegations of the preceding paragraphs 1 through 45 as if the same were fully set forth herein.

47.     Defendant failed to include in the April 8, 2009 letter a statement that it was attempting to collect a debt and that any information would be used for that purpose.

48.     In the alternative to the allegations of the preceding paragraph, Defendant failed to include in the documents sent on April 10, 2009 a statement that it was attempting to collect a debt and that any information would be used for that purpose.

COUNT X
15 U.S.C. § 1692e

49.     Plaintiff incorporates herein by reference the allegations of the preceding paragraphs 1 through 48 as if the same were fully set forth herein.

-8-

50.     The April 8, 2009 letter falsely states that replevin "is not an attempt to collect a consumer debt."

51.     The April 8, 2009 letter falsely states that "any civil damages claimed for the wrongful detention of the Plaintiff's property in a replevin action are not 'debt' as defined by the FDCPA."

COUNT XI
15 U.S.C. § 1692e(11)

52.     Plaintiff incorporates herein by reference the allegations of the preceding paragraphs 1 through 32, 34-35, 37-38, 40-41, and 43-44 as if the same were fully set forth herein.

53.     In the alternative to the allegations of paragraphs 33, 36, 39, 42, and 45, the documents that Defendant sent to Plaintiff through her counsel on April 10, 2009 failed to contain the statement that they were from a debt collector.

COUNT XII
15 U.S.C. § 1692g(b)

54.     Plaintiff incorporates herein by reference the allegations of the preceding paragraphs 1 through 53 as if the same were fully set forth herein.

55.     By letter dated April 13, 2009 and received by Defendant on the same date, Plaintiff (through a letter sent by her counsel) disputed the debt that Defendant was trying to collect from her.

56.     Defendant never provided verification of the debt in response to the letter of Plaintiff disputing the debt.

-9-

57.     Notwithstanding its failure to provide verification of the alleged debt that it was attempting to collect from Plaintiff, Defendant faxed and mailed to Plaintiff a letter dated April 14, 2009 in an attempt to collect the debt that it had asserted was due from Plaintiff.

58.     A true and correct copy of the letter dated April 14, 2009 is attached hereto as Exhibit D.

59.     Defendant also conducted a trial on April 16, 2009 in an effort to collect the debt that it asserted was due from Plaintiff.

COUNT XIII
15 U.S.C. § 1692e(11)

60.     Plaintiff incorporates herein by reference the allegations of the preceding paragraphs 1 through 59 as if the same were fully set forth herein.

61.     The letter that Defendant sent to Plaintiff through her counsel on April 14, 2009 failed to contain the statement that it was from a debt collector.

COUNT XIV
15 U.S.C. § 1692e

62.     Plaintiff incorporates herein by reference the allegations of the preceding paragraphs 1 through 61 as if the same were fully set forth herein.

63.     In the April 14, 2009 letter Defendant states that it "is not attempting to collect a debt regarding the above referenced matter", by which it referred to Case 19579.

64.     In that same letter, Defendant states that "[a] replevin action is not an attempt to collect a debt."

65.     In that same letter, Defendant states that "[n]o obligation exists to provide any FDCPA notices."

66.     In that same letter, Defendant states that "[a]s to Geraldine Rawlinson, she is not a party to the underlying contract and we have not attempted to collect any consumer debt from her."

67.     Defendant, referring to Geraldine Rawlinson, states in that same letter that "[b]ecause she may be in actual or constructive possession of the Vehicle, we have logically and reasonably named her as a defendant in the subject replevin action."

68.     All of the foregoing statements by Defendant were false.

### COUNT XV
### 15 U.S.C. § 1692c(c)

69.     Plaintiff incorporates herein by reference the allegations of the preceding paragraphs 1 through 68 as if the same were fully set forth herein.

70.     The April 13, 2009 letter from Plaintiff's counsel to Defendant instructed Defendant to cease and desist from any further contact with Plaintiff or the office of Plaintiff's counsel.

71.     Notwithstanding the instruction in the April 13, 2009 letter for Defendant to cease and desist from further communications, Defendant sent the April 14, 2009 letter.

### COUNT XV!
### Md. Code Ann., Commercial Law II, § 14-202

72.     Plaintiff incorporates herein by reference the allegations of the preceding paragraphs 1 through 71 as if the same were fully set forth herein.

73.     In bringing Case 19579 against Plaintiff and in asserting thereon that it had a right to replevy from Plaintiff the automobile that Defendant sought to recover in that case, then propounding interrogatories to Plaintiff, and then trying the case against Plaintiff, Defendant

-11-

claimed, attempted to enforce, and threatened to enforce a right with knowledge that it did not

exist or with reckless disregard as to whether the right existed.

74.    In asserting in the April 8, 2009 letter that it had a right to replevy from Plaintiff

the automobile that Defendant sought to recover in Case 19579, then propounding interrogatories

to Plaintiff, and then trying the case against Plaintiff, Defendant claimed, attempted to enforce,

and threatened to enforce a right with knowledge that it did not exist or with reckless disregard as

to whether the right existed..

WHEREFORE, Plaintiff prays for damages against Defendant in the amount of

$50,000.00 (fifty thousand dollars), including actual and statutory damages, plus her reasonable

attorney's fees incurred in this action, together with pre-judgment interest and the costs of this

action.

GERALDINE RAWLINSON
By Counsel

Ernest P. Francis
_____
Ernest P. Francis
FR3485
ERNEST P. FRANCIS, LTD.
1655 North Fort Myer Drive
Suite 700
Arlington, VA 22209
(703) 683-5696
Fax (703) 683-2785

Attorney for Plaintiff

DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues herein.

*Ernest P. Francis*

Ernest P. Francis

CERTIFICATE OF ATTORNEY WITH
OUT OF STATE OFFICE

I HEREBY CERTIFY, pursuant to Md. Rule 1-313, that I am admitted by the Court of

Appeals to practice law in Maryland.

*Ernest P. Francis*

Ernest P. Francis

-13-